IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-14-0479 |
| MARK BAZEMORE, | * | CIVIL NO. JKB-19-2866 |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

The Defendant Mark Bazemore filed a Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255. (Mot. Vacate, ECF No. 965.) The Government opposes this motion. (ECF No. 982.) Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no hearing is required. 28 U.S.C. § 2255(b); *see* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion will be denied.

## I. *Background*

Bazemore was found guilty of several counts related to his participation in a racketeering conspiracy, including conspiracy to distribute controlled substances, conspiracy to commit murder in aid of racketeering, attempted murder in aid of racketeering, and conspiracy to use and carry a firearm during and in relation to a crime of violence and drug trafficking crime. (Judgment at 1–2, ECF No. 671.) The racketeering enterprise which Bazemore was charged with participating in was the Black Guerilla Family ("BGF"), which "is a nationwide gang operating in prisons and on the streets of various cities throughout the United States." (*See* Second Superseding Indictment, ECF No. 119.) Bazemore ultimately received multiple concurrent sentences of life imprisonment.

(Judgment at 3.) The United States Court of Appeals for the Fourth Circuit affirmed his sentence after a direct appeal. *United States v. Smith*, 919 F.3d 825 (4th Cir. 2019).

## II.   *Legal Standard*

Section 2255 allows a federal prisoner to move to set aside a sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Procedurally, if "a claim could have been raised on direct appeal, and was not, the general rule is that 'claims not raised on direct appeal may not be raised on collateral review[.]'" *Jones v. United States*, Crim. No. DKC-14-0176, 2018 WL 1069438, at *2 (D. Md. Feb. 27, 2018) (alterations in original) (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)). Further, a petitioner "cannot 'circumvent a proper ruling on direct appeal by re-raising the same challenge in a § 2255 motion.'" *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (quoting *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009) (alteration omitted)). The petitioner in a Section 2255 proceeding bears the burden of proving his entitlement to relief by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

## III.   *Analysis*

Bazemore makes four arguments in favor of relief: (1) The Racketeer Influenced and Corrupt Organizations Act is unconstitutionally vague; (2) Count II fails to state a criminal offense; (3) a sentence of life imprisonment for participation in a racketeering conspiracy exceeds the

statutory maximum sentence; and (4) Count VI should be invalidated in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). (Mot. Vacate at 5.) With the exception of his claim under *Davis*, Bazemore provides no valid reason as to why his other claims were not raised on direct appeal. Regardless, even if Bazemore's claims were properly before this Court, they would fail for the independent reasons discussed below.

### A. *The RICO statute is not unconstitutionally vague.*

Bazemore's first argument is that 18 U.S.C. § 1962 (the "RICO" statute) is unconstitutionally vague. (Mot. Vacate at 7–10.) "A statute is unconstitutionally vague if it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.'" *United States v. Bennett*, 984 F.2d 597, 605 (4th Cir. 1993) (quoting *United States v. Harriss*, 347 U.S. 612, 617 (1954)).

Bazemore was found guilty of violating 18 U.S.C. § 1962(d), which makes it unlawful for an individual to conspire to engage in a "pattern of racketeering activity." Bazemore argues that the term "pattern" is unconstitutionally vague because it does not provide adequate notice of which acts are forbidden by the statute. (Mot. Vacate at 9–10.) In support of this argument, Bazemore relies on Justice Scalia's concurrence in *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 255 (1989) (Scalia, J., concurring). In his concurrence, Justice Scalia, joined by Justice O'Conner, Justice Thomas, and Chief Justice Rehnquist, stated that the definition of the term "pattern" in the RICO statute was unclear. *Id.* Justice Scalia declined to determine whether the RICO statute was unconstitutional because the issue was not before the Court, but he noted "[t]hat the highest Court in the land has been unable to derive from this statute anything more than today's meager guidance bodes ill for the day when that challenge is presented." *Id.* at 255–56.

Since this decision, the United States Courts of Appeals have rejected the notion that the RICO statute is void due to vagueness. *See, e.g., United States v. Borromeo*, 954 F.2d 245, 248 (4th Cir. 1992) (rejecting the argument that "pattern of racketeering activity" is an unconstitutionally vague phrase because "a majority of the Supreme Court in *H.J. Inc.* implicitly rejected that suggestion"); *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (holding "the phrase 'pattern of racketeering activity' is not unconstitutionally vague"); *United States v. Glecier*, 923 F.2d 496, 498 n.1 (7th Cir. 1991) ("[T]he RICO statute is not unconstitutional despite Justice Scalia's statements [in *H.J., Inc.*] concerning the pattern requirement . . . ."); *United States v. Angiulo*, 897 F.2d 1169, 1180 (1st Cir. 1990) (rejecting appellant's argument that RICO statute was void for vagueness because "[a] person of ordinary intelligence could not help but realize that illegal activities of an organized crime family fall within the ambit of RICO's pattern of racketeering activity").

In *United States v. Bennett*, 984 F.2d 597 (4th Cir. 1993), the Fourth Circuit again rejected a challenge to the RICO statute on the basis that the phrase "pattern of racketeering" was unconstitutionally vague. The Fourth Circuit explained:

> While it may be contended that RICO is unconstitutionally vague in some contexts, a proposition in which we express no opinion, in this case the statute provided the appellants adequate notice that acts of arson, fraud, attempted murder (and other acts or threats of violence), perjury, and obstruction of justice committed with the similar purpose—to allow the associated-in-fact enterprise to continue to defraud insurance companies—fell within those acts contemplated by a RICO enterprise and a RICO conspiracy to participate in the affairs of such an enterprise.

*Id.* at 606–07. By the same reasoning, the Court finds here that Bazemore had sufficient notice that participation in BGF—an enterprise which the jury found engaged in multiple, foreseeable acts of first degree murder, extortion, retaliation against victims, witnesses and informants, and

distribution of controlled substances—would violate the RICO statute. (*See* Verdict Sheet at 1, ECF No. 982-1.) Accordingly, Bazemore's argument that his conviction under § 1962(d) should be void for vagueness fails.

### B. *Count II properly states an offense.*

Bazemore argues that his conviction for violating 21 U.S.C. § 846 in Count II was improper because it "does not articulate a crime against the United States," and is instead a sentencing provision. (Mot. Vacate at 13–14.) Bazemore is incorrect. Section 846 states: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. In other words, this section criminalizes a conspiracy or attempt to violate the Controlled Substances Act. *See Smith v. United States*, 568 U.S. 106, 111 n.3 (2013).

Bazemore also appears to argue that his conviction under Count II is invalid because it does not require an overt act. (Mot. Vacate at 15–16.) The Supreme Court has held that "proof of an overt act is not required to establish a violation" under § 846. *United States v. Shabani*, 513 U.S. 10, 17 (1994). Therefore, Bazemore's objection to his conviction under 21 U.S.C. § 846 is without merit.

### C. *Life imprisonment is an appropriate sentence for Count I.*

Bazemore also argues that a sentence of life imprisonment is beyond the statutory maximum permitted for his conviction under Count I for violating the RICO statute. Pursuant to 18 U.S.C. § 1963(a), an individual who violates the RICO statute "shall be fined under this title or imprisoned not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment), or both . . ." *See United States v. Warneke*, 310 F.3d 542, 549 (7th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Jan.

5

10, 2003) ("The maximum penalty following a RICO conviction depends on the maximum penalty for the most serious predicate offense."). Here, the jury found that foreseeable racketeering activity included multiple acts of first degree murder. (Verdict Form at 1.) First degree murder is punishable by life imprisonment under Maryland law. Md. Code Ann., Crim. Law § 2-201(b); *see also United States v. Garcia*, 474 F. App'x 909, 912 (4th Cir. 2012) (unpublished) (affirming defendant's sentence of 384 months for RICO charge where "the jury found beyond a reasonable doubt that first degree murder was an object of the RICO conspiracy"). Accordingly, because the racketeering activity Bazemore was convicted of included crimes punishable by life imprisonment, a sentence of life imprisonment for Count I was proper.[1]

### D. *Count VI should not be vacated in light of* Davis.

Bazemore also argues that his conviction for conspiracy to use and carry a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(o) should be vacated in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (Mot. Vacate at 17.) Section 924(o) states that "[a] person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years, fined under this title, or both . . ." 18 U.S.C. § 924(o). Section 924(c) prohibits using or carrying a firearm in furtherance of a crime of violence or a drug trafficking crime, which is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or chapter 705 of title 46." *Id.* § 924(c)(2). Bazemore was found guilty of a violation of 21 U.S.C. § 846, which is a felony punishable under the Controlled Substances Act. Accordingly, his conviction under Section 924(o) is appropriate.

---

[1] Bazemore also seems to argue that this sentence violates his Sixth Amendment right to a jury trial. (Mot. Vacate at 11–13.) However, a jury found here that foreseeable racketeering activity included multiple acts of first degree murder. (Verdict Form at 1.) Thus, Bazemore's argument is without merit.

6

In *Davis*, the Court held 18 U.S.C. § 924(c)(3)(B), which defines a crime of violence, was "unconstitutionally vague." 139 S. Ct. at 2336. However, that case did not concern the definition of a drug trafficking crime, which is what Bazemore was found guilty of here and which serves as the predicate offense for his conviction under § 924(o). Though Bazemore argues that the Court should assume the jury found he violated § 924(o) on account of his conviction for participation in a racketeering conspiracy in Count I, the jury specifically found that Bazemore was guilty of "conspiracy to use of a firearm during and in relation to a drug trafficking crime," and not during and in relation to a crime of violence. (*See* Verdict Form at 4.) Accordingly, Bazemore's conviction under this section is proper and should not be vacated in light of *Davis*, 139 S. Ct. 2319.

## IV. Conclusion

For the foregoing reasons, Bazemore's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 will be denied. The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Bazemore has not made such a showing for the reasons explained above, the Court will not issue a certificate of appealability.

DATED this 23th day of September, 2020.

BY THE COURT:

_____
James K. Bredar
Chief Judge